## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TINA HAIGHT<br><br>*Plaintiff-Relator*,<br><br>v.<br><br>RRSA (COMMERCIAL DIVISION), LLC, *et al.*,<br><br>*Defendants.* | Civil Action No. 3:16-cv-1975-S<br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFF-RELATOR TINA HAIGHT'S REPLY IN SUPPORT OF THE MOTION FOR A TEMPORARY STAY

Plaintiff-Relator Tina Haight respectfully files this Reply in Support of the Motion for a Temporary Stay (the "Motion for Stay") and, in support thereof, would show as follows:

1.      Relator seeks a temporary stay precisely for the reasons set forth in the Motion for Stay and no other. A temporary stay is warranted because Defendants recently challenged jurisdiction and then asserted Relator owed them indemnity for any judgment in this case, including over a million dollars in attorneys' fees incurred to date.

2.      A temporary stay will not delay any settlement or resolution of this matter because settlement is not possible with the pendency of Defendants' Motion to Dismiss. A temporary stay will not delay final disposition either, as the Court has advised that the current trial setting is untenable in light of existing trial delays caused by the COVID-19 pandemic and the need to prioritize criminal trials. A temporary stay will, however, preserve the parties' resources and avoid the untenable prospect of continuing discovery under the cloud of indemnity, which puts Relator's personal interests in potential conflict with those of the United States.

3. These points are good cause to grant a temporary stay while Defendants' Motion to Dismiss is under consideration, and Defendants' Response to the Motion for a Temporary Stay does not contest them.

4. Rather, Defendants take contrary positions in separate pleadings. On the one hand, Defendants argue that "[p]ermitting this action to proceed would be a gross injustice" when defending their pending Motion to Dismiss. (Dkt. 140 at 4.) But on the other, they contend that it is "baseless" and "illogical" to temporarily stay the case while their Motion to Dismiss the "gross injustice" is under consideration. (Dkt. 142 at 2.) Instead of grappling with the contradiction, Defendants' Response posits a strawman of other ulterior "true objective[s]."

5. First, Defendants argue that the current scheduling order was not really "negotiated based on the procedural posture of the case" because Relator had not amended her complaint and "could not have known how the RRSA Defendants would respond." (Dkt. 142 at 3.) Of course, that is precisely the point. Defendants' counsel *never raised* any issue of release and indemnity until February of 2021. While standing *can* be raised at any time, this does not explain why Defendants *waited* to raise the issue until two years had passed, one motion to dismiss was denied, and over one million dollars in attorneys' fees had been incurred. Whatever the reason for the delay, the efficient use of scarce judicial resources was not one of them.

6. Second, Defendants argue that the "real reason" Relator seeks a stay is to "avoid fulfilling Relator's written discovery obligations." (Dkt. 142 at 4.) That is particularly odd, given that Relator served answers on the pending written discovery on Friday, March 12, proposed a Joint Motion to Stay on the same day, and then waited four more days to file a contested motion on Tuesday, March 16. To date, Relator has responded to the discovery propounded by Defendants— 125 Requests for Admission, 35 Interrogatories (excluding sub-parts), and 72 Requests for Production—as well as produced nearly 13,000 pages of documents. Defendants have not raised any

issue regarding Relator's discovery responses with counsel nor have they requested a meet and confer. Nor would a temporary stay prohibit Defendants from moving to compel if their Motion to Dismiss is denied and the parties are unable to resolve their differences.

7.      Relator respectfully requests that her Motion for Stay be granted.

Dated: March 26, 2021

Respectfully Submitted,

*/s/ Darren P. Nicholson*

Darren P. Nicholson
State Bar No. 24032789
dnicholson@burnscharest.com
Mallory Biblo
State Bar No. 24087165
mbiblo@burnscharest.com
BURNS CHAREST, LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 458-9890
Facsimile: (469) 444-5002

and

Christopher A. Payne
State Bar No. 15651500
Chris.Payne@Payne-Asltrin.com
Christina Alstrin
State Bar No. 24068019
Christina.Alstrin@Payne-Alstrin.com
PAYNE ALSTRIN, PLLC
9101 LBJ Freeway, Suite 760
Dallas, Texas 75243
Telephone: (214) 945-1022
Facsimile: (214) 945-1023

Counsel for Plaintiff-Relator Tina Haight

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on this day of March 26, 2021 via ECF to all counsel of record.

*/s/ Darren P. Nicholson*
Darren P. Nicholson