IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* TINA HAIGHT, | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:16-CV1975-S |
| V. | § § | |
| RRSA (COMMERCIAL DIVISION), LLC; ROOFING & RESTORATION SERVICES OF AMERICA, LLC; RRSA COMMERCIAL ROOFING, INC.; HAIGHT CONSTRUCTION MANAGEMENT SERVICES, INC.; COREY S. SANCHEZ; JON R. SEYMORE; JENNIFER N. SEYMORE and RONALD SCOTT NICHOLS, | § § § § § § § § § § | |
| Defendants. | § § § | |

**DEFENDANTS RRSA (COMMERCIAL DIVISION), LLC; ROOFING & RESTORATION SERVICES OF AMERICA, LLC; RRSA COMMERCIAL ROOFING, INC.; HAIGHT CONSTRUCTION MANAGEMENT SERVICES, INC.; COREY S. SANCHEZ; JON R. SEYMORE; JENNIFER N. SEYMORE AND RONALD SCOTT NICHOLS'S REPLY TO PLAINTIFF UNITED STATES OF AMERICA'S STATEMENT OF INTEREST**

RRSA (Commercial Division), LLC, Roofing & Restoration Services of America, LLC, RRSA Commercial Roofing, Inc., Haight Construction Management Services, Inc., Corey S. Sanchez, Jon R. Seymore, Jennifer N. Seymore and Ronald Scott Nichols (collectively the "RRSA Defendants") file this Reply to Plaintiff United States of America's Statement of Interest.

## I. INTRODUCTION

Contrary to what is asserted in the Government's Statement of Interest, the RRSA Defendants are not arguing for a rule whereby prefiling releases of *qui tam* actions are enforced without qualification. To the contrary, as argued extensively in the RRSA Defendant's Motion to Dismiss Relator's First Amended Complaint (Doc. 115) and Reply in Support of Motion to Dismiss First Amended Complaint (Doc. 140), the RRSA Defendants claim, and Relator concedes, that the two-prong test articulated in several Circuits applies to whether the Release is enforceable in this case. *See United States ex rel. Radcliffe v. Purdue Pharma L.P.*, 600 F.3d 319, 329 (4th Cir. 2010); *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1167–68 (10th Cir. 2009).

## II. ARGUMENT AND AUTHORITIES

### A. The Federal Common Law Rule Involves a Public Policy Analysis.

The principle articulated in *Town of Newton v. Rumery* – "a promise is unenforceable if the interest in its enforcement is outweighed in the circumstances by a public policy harmed by enforcement of the agreement" – has been widely used to determine whether a release executed pre-filing of a *qui tam* action bars subsequent *qui tam* claims. *Rumery*, 480 U.S. 386, 392 (1987); *see also United States v. Purdue Pharma L.P.*, 600 F.3d 319 (4th Cir. 2010); *United States ex rel. Longhi v. United States*, 575 F.3d 458 (5th Cir. 2009); *United States ex rel. Gebert v. Transp. Admin. Svs.*, 260 F.3d 909 (8th Cir. 2001); *United States v. Northrop Corp.*, 59 F.3d 953 (9th Cir.

1995). Contrary to the Government's assertions, the RRSA Defendants' Motion to Dismiss (Doc. 115) and Reply in Support of Motion to Dismiss (Doc. 140) correctly apply this standard. Moreover, in applying the principle of *Rumery* to the facts of this case, the Release must be enforced. The Government, on the other hand, is arguing for a *per se* rule that prefiling releases "are unenforceable unless the government has knowledge of the fraud." (Doc. 143, at 4). Such rule does not correctly apply the principle set forth in *Rumery*.

In the RRSA Defendants' Reply (Doc. 140), the RRSA Defendants assert that, as a part of the public policy analysis required by *Rumery*, the Court should take into consideration that the Release in this case was executed as a part of a $30 million transaction, governed by Texas law, and not as a part of wrongful termination case. (Doc. 140, at 6-8). In short, this Court must decide whether public policy supports protecting a relator who, prior to coming forward with any alleged fraud, negotiated a deal to profit in an amount nearing $30 million. The Release in this case was not negotiated by an employer who had fired an employee for disclosing the fraud. *See, e.g., Purdue Pharma L.P.*, 600 F.3d at 322; *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1164 (10th Cir. 2009); *United States ex rel. Bahrani v. Conagra*, 183 F.Supp.2d 1272, 1274 (D. Colo 2002); *United States ex rel. Hall v. Teledyne Wah Chang Albany*, 104 F.3d 230, 231 (9th Cir. 1997); *United States v. Northrop Corporation*, 59 F.3d 953, 956 (9th Cir. 1995); *United States ex rel. Class v. Bayada Home Health Care, Inc.*, CV 16-680, 2018 WL 4566157, at *1 (E.D. Pa. Sept. 24, 2018). Instead, it was intensively negotiated by two parties, both represented by counsel, after months of negotiations. (Doc. 141, at 39, Declaration of Corey S. Sanchez, ¶7).

### B. Enforcing the Release Does Not Ignore the Policy Objectives of the FCA.

The Government argues the sole policy objective of the FCA that should be considered is whether the Release would "provide disincentives to future relators." (Doc. 143, at 5). However,

the provisions of the FCA seek to balance the policy of encouraging whistleblowers while discouraging opportunistic plaintiffs from bringing "parasitic lawsuits." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005). Although this language often refers to "would-be relators [who] merely feed off a previous disclosure of fraud," it reflects the FCA's desire not to award, and instead to affirmatively bar, relators who are acting with self-interest. *See id.* The Relator in this case falls squarely within that description. Relator was the owner of the Business Defendants while the alleged *qui tam* violations took place, and now seeks to profit a second time by bringing claims she specifically released. She is not entitled to the same protections as an employee who first reports the alleged fraud, is subsequently fired as a result, then signs a release as a part of a settlement related to his termination. *See, e.g., Purdue Pharma L.P.*, 600 F.3d at 322; *Ritchie*, 558 F.3d at 1164; *Bahrani*, 183 F.Supp.2d at 127; *Hall v*, 104 F.3d at 231; *Northrop Corporation*, 59 F.3d at 956. All the case law cited by the Relator and the Government are based in the employment context. This case requires a different public policy analysis. Enforcing the Release is consistent with the intent of the *qui tam* provisions of the FCA. Defendants' Motion to Dismiss should be granted.

## III.   CONCLUSION

Based on the foregoing, as well as those arguments and authorities set forth in Defendants RRSA (Commercial Division), LLC; Roofing & Restoration Services of America, LLC; RRSA Commercial Roofing, Inc.; Haight Construction Management Services, Inc.; Corey S. Sanchez; Jon R. Seymore; Jennifer N. Seymore and Ronald Scott Nichols' Motion to Dismiss Relator Tina Haight's First Amended Complaint and Reply in Support of Motion to Dismiss First Amended Complaint, Defendants respectfully request that their Motion to Dismiss be granted.

Dated: March 29, 2021

Respectfully submitted,

**DVORAK LAW GROUP, LLC**

By: */s/ Gretchen L. McGill*
    Heather S. Voegele Anson (*pro hac vice*)
    hvoegele@ddlawgroup.com
    Gretchen L. McGill (*pro hac vice*)
    gmcgill@ddlawgroup.com

9500 W. Dodge Rd., Ste. 100
Omaha, NE 68132
Telephone: (402) 934-4770
Telecopier: (402) 933-9630

and

**BELL NUNNALLY & MARTIN LLP**

    Christopher B. Trowbridge
    Texas State Bar No. 24008182
    christophert@bellnunnally.com
    Benjamin L. Riemer
    Texas State Bar No. 24065976
    briemer@bellnunnally.com

3232 McKinney Avenue
Dallas, Texas 75204
Telephone: (214) 740-1400
Telecopier: (214) 740-1499

**ATTORNEYS FOR DEFENDANTS RRSA (COMMERCIAL DIVISION), LLC; ROOFING & RESTORATION SERVICES OF AMERICA, LLC; RRSA COMMERCIAL ROOFING, INC.; HAIGHT CONSTRUCTION MANAGEMENT SERVICES, INC.; COREY S. SANCHEZ; JON R. SEYMORE; JENNIFER N. SEYMORE AND RONALD SCOTT NICHOLS**

5

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2021, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF filing system as indicated below:

Darren P. Nicholson
Mallory Biblo
Burns Charest, LLP
900 Jackson Street, Suite 500
Dallas, TX  75202
dnicholson@burnscharest.com
mbiblo@burnscharest.com

Christopher A. Payne
Christina Alstrin
Payne Alstrin, PLLC
9101 LBJ Freeway, Suite 760
Dallas, TX  75243
Chris.Payne@Payne-Alstrin.com
Christina.Alstrin@Payne-Alstrin.com

Gene R. Besen
Samuel T. Acker
Bradley Arant Boult Cummings LLP
4400 Renaissance Tower
1201 Elm Street
Dallas, TX  75270
gbesen@bradley.com
sacker@bradley.com

                                            */s/ Gretchen L. McGill*
                                            Gretchen L. McGill