# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TINA HAIGHT § § § | |
| v. § | CIVIL ACTION NO. 3:16-CV-1975-S |
| § RRSA (COMMERCIAL DIVISION) LLC, et al. § § | |

## STIPULATED PROTECTIVE ORDER

Plaintiff-Relator Tina Haight ("Haight"), Defendants RRSA (Commercial Division), LLC, Roofing and Restoration Services of America, LLC, RRSA Commercial Roofing, Inc., Haight Construction Management Services, Inc., Corey S. Sanchez, Jon R. Seymore, Jennifer N. Seymore, and Ronald Scott Nichols (collectively "Defendants" and, together with Haight, the "Parties"), and non-party Lendlease (US) Public Partnerships LLC and its affiliates (collectively, "Lendlease"), hereby enter into this Stipulated Protective Order ("Order").

**WHEREAS**, on or about October 20, 2020, Haight served Lendlease with certain Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoenas"); and

**WHEREAS**, Lendlease has agreed to produce certain documents and information in response to the Subpoenas, subject to the terms and conditions set forth below.

**NOW, THEREFORE,** in consideration of the foregoing, and for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties and Lendlease agree as follows:

## I. DEFINITIONS

1.1 "Discovery Material" means all documents and information produced by Lendlease in response to the Subpoenas.

1.2 "Protected Material" means all Discovery Material that has not been publicly disclosed or is not required by law to be included in a public record, and Lendlease will designate Protected Material by marking words that in substance state as follows: "CONFIDENTIAL" on the face of the document or information being produced and upon each page so designated, if practicable.

1.3 "Outside Counsel" means attorneys who are retained by Haight or Defendants to represent them in this Litigation.

1.4 "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Litigation who is retained or consulted by either of the Parties or Outside Counsel to serve as an expert witness or consultant in this Litigation.

1.5 "Professional Vendor" means a person or entity retained by either of the Parties or Outside Counsel to provide litigation support services.

1.6 "Litigation" means the above-captioned case.

## II. SCOPE

Discovery Material shall be used by the Parties solely for the purpose of this Litigation, including discovery, mediation, trial preparation, trial, and/or appeal. Except as the Parties and Lendlease may otherwise agree in writing, Protected Material may be disclosed only to the following: (a) the Parties; (b) Outside Counsel; (c) the United States Government; (d) Experts; (e) Professional Vendors; (f) court reporters and/or videographers; (g) deponents and trial witnesses; and (h) the Court. Disclosure of Protected Material to an Expert or a Professional Vendor shall be

made only after such person has acknowledged in writing that they agree to comply with the provisions of this Order. The protections conferred by this Order on Protected Material shall extend to any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony offered or solicited by the Parties or Outside Counsel in depositions or in court that use, refer to, or relate to Protected Material.

### III. CHALLENGING WHETHER INFORMATION IS "PROTECTED MATERIAL"

If either of the Parties reasonably and in good faith believes that any document or other information produced by Lendlease should not be considered "Protected Material," such Party shall notify Lendlease and the other Party in writing and identify the document or other information that such Party believes should be released from some or all of the constraints of this Order. The Parties and Lendlease shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within two (2) business days from the date of service of the written objection, either of the Parties or Lendlease may move the Court for a determination as to whether the designation is appropriate. The burden of establishing that the document or other information is not "Protected Material" shall be on the Party challenging the designation. The protections afforded by this Order to "Protected Material" shall continue as originally designated until the Court issues an order on the motion.

### IV. DURATION

This Order shall continue in effect until expressly released by Lendlease or the final determination of this Litigation, whichever occurs first. For purposes of this Order, the "final determination of this Litigation" shall be deemed to be the latter of: (a) full settlement of all claims; (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, and reviews, if any; or (c) the expiration of all time limits for the filing of or application for

all appeals, rehearings, remands, trials, or reviews, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Within sixty (60) days of the final determination of this Litigation, all Protected Material shall be either: (a) returned to Lendlease; or (b) destroyed or deleted, with a written certification of such destruction or deletion provided to Lendlease by the Parties. Outside Counsel for may retain copies of Protected Material for archival purposes so long as such information is kept confidential.

## V.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If either of the Parties learns, by inadvertence or otherwise, that it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, such Party shall promptly notify Lendlease and the other Party in writing of the unauthorized disclosure. Such Party shall also use its best efforts to retrieve all copies of the Protected Material, including promptly informing the person or persons to whom unauthorized disclosures were made of all the terms of this Order and request the immediate return of the Protected Material.

**SO ORDERED.**

SIGNED April 1, 2021.

**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**