**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TINA HAIGHT<br><br>Plaintiff-Relator,<br><br>v.<br><br>RRSA (COMMERCIAL DIVISION), LLC, *et al.*,<br><br>Defendants. | Civil Action No. 3:16-cv-1975-S |

**DEFENDANTS RRSA (COMMERCIAL DIVISION), LLC; ROOFING &
RESTORATION SERVICES OF AMERICA, LLC; RRSA COMMERCIAL ROOFING,
INC.; HAIGHT CONSTRUCTION MANAGEMENT SERVICES, INC.; COREY S.
SANCHEZ; JON R. SEYMORE; JENNIFER N. SEYMORE AND RONALD SCOTT
NICHOLS' MOTION TO REOPEN CASE AND MOTION FOR SANCTIONS**

Defendants RRSA (Commercial Division), LLC; Roofing & Restoration Services of

America, LLC; RRSA Commercial Roofing, Inc.; Haight Construction Management Services,

Inc.; Corey S. Sanchez; Jon R. Seymore; Jennifer N. Seymore; and Ronald Scott Nichols

(collectively, the "RRSA Defendants") respectfully move this Court for an Order reopening the

above-captioned abated and administratively closed case (Doc. No. 258), so that the RRSA

Defendants may move the Court for an Order imposing sanctions in the manner as set forth herein

against Plaintiff-Relator Tina Haight ("Relator") (collectively, the "Motion").  In support of this

Motion, the RRSA Defendants state as follows.

**BACKGROUND**

On or about November 9, 2021, the RRSA Defendants filed a Motion for Sanctions against

Relator, as it related to Relator's conduct on social media ("Motion for Sanctions").  (Doc. No.

180).  As the Court may recall, Relator made posts on Facebook regarding the RRSA Defendants

and this litigation, as well as sent a certain Facebook message, wherein she offered to blackmail

the RRSA Defendants.  (*Id.*).  While the Court ultimately denied the Motion for Sanctions due to the severity of the sole relief requested (*i.e.*, dismissal of the action) (Doc. No. 206), the Court, during a hearing on December 9, 2021, instructed Relator's counsel to tell Relator to "zip it" and stop posting about this case on social media.  (App.00008–App.00011).

On or about April 7, 2022, the parties executed a Settlement Term Sheet to resolve the claims involved in the parties' dispute.  Following the execution thereof, on April 13, 2022, the parties filed a Notice of Settlement and Joint Motion to Stay ("Notice of Settlement"), wherein the parties requested that all remaining deadlines be stayed while the parties work with the United States to negotiate a Final Settlement Agreement.  (Doc. No. 257).  On or about April 14, 2022, the Court entered an Order abating and administratively closing the case "without prejudice to its being reopened to enter a judgment or order of dismissal or for further proceedings if the settlement is not consummated" ("Order of Administrative Closure").  (Doc. No. 258).

On or about April 22, 2022, the RRSA Defendants discovered that Relator made a public Facebook post regarding the Settlement Term Sheet entered by Relator and the RRSA Defendants that included defamatory and false statements regarding the litigation, the settlement and the RRSA Defendants, as well as included screenshots of the Notice of Settlement and the Order of Administrative Closure.  (App.00001–App.00005).  Specifically, in her Facebook post, Relator, in part, made the following blatantly false and unsupported statements:

- Settlement for millions to be paid to the government over FRAUD….

- If you will fraud the government for millions….[Y]ou will fraud a man you say you love's children hours after he died.

- The below settlement to the government for millions proves Tina Haight was not a coward and stood up to teach her kids to never think it's ok [*sic*] to steal.

2

Stealing is a lazy man's way to get what doesn't belong to them.

- If you will commit fraud on the government you will commit fraud on fatherless

  kids and a widow.

- Tonight we celebrate the fact the government won.

(*Id.*).

Additionally, Relator posted a TikTok video on or about April 22, 2022, in which she shared screenshots of the Notice of Settlement and the Order of Administrative Closure. (App.00006).  Approximately one week earlier, Relator posted another TikTok video, in which she shared an article concerning the litigation, with the text: "When your [*sic*] a mom you do what's best for your fatherless kids. Teach them greed & corruption has to be exposed lesson one…." (App.00007).  Upon learning of the Facebook and TikTok posts, the RRSA Defendants' counsel immediately contacted the government and Relator's counsel.  Thereafter, the Facebook and TikTok posts were removed.  However, by virtue of being publicly posted on the Internet and viewed, liked, and shared by many, the harm to the RRSA Defendants had already been done.

Through her actions on social media and the like, Relator continues to intentionally and in bad faith violate Court instruction and abuse the judicial system.  In doing so, Relator has demonstrated, yet again, that it is impossible for her to act in good faith.  Moreover, Relator has not only negatively impacted (and perhaps devastated) the RRSA Defendants' ability to consummate the settlement of this matter, but also continues to disparage and damage the reputations of the RRSA Defendants through unsupported and factually false allegations.  Relator should be estopped from her actions, whether through dismissal of this case, or alternatively, through other appropriate sanctions against Relator.  Relator's conduct cannot be stopped without

judicial intervention, requiring this case to be reopened for the Court to impose such necessary relief.

**ARGUMENT**

"Courts possess the inherent power 'to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority.'" *Budri v. FirstFleet Inc.*, No. 3:19-CV-0409-N-BH, 2021 WL 849012, at *6 (N.D. Tex. Feb. 18, 2021), *report and recommendation adopted*, No. 3:19-CV-0409-N-BH, 2021 WL 842123 (N.D. Tex. Mar. 5, 2021) (citing *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)).  In the present case, Relator availed herself of the Court's powers.  She was not brought into a litigation as a defendant and forced to defend herself.  Rather, Relator came to this Court and others seeking relief for her alleged claims.  Despite this, Relator routinely scoffs at the Court's instruction, procedures and authority.

Specifically included in the Court's inherent power is "the power to levy sanctions in response to abusive litigation practices." *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 482 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).  Moreover, "[w]hen a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." *Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997) (internal citations omitted).

Accordingly, district courts may fashion the appropriate sanction to punish conduct which abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33, 111 S. Ct. 2123, 2126, 115 L. Ed. 2d 27 (1991).  Such sanctions range from dismissal of a lawsuit to an assessment of attorney's fees. *Id.*  In general, dismissals with prejudice are reserved for cases where there is a

"a clear record of delay or contumacious conduct by the plaintiff exists," and where "a lesser sanction would not better serve the interests of justice[.]" *See Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (internal citations and quotations omitted).

Through her most recent actions on social media, Relator has directly violated a clear and concise directive of the Court. As described above, following an earlier round of social media activity, wherein the Relator indicated her willingness to blackmail the RRSA Defendants, the Court told Relator's counsel to instruct their client to stay off social media in relation to this case and to "zip it". (App.00008–App.00011). During the meet and confer regarding this Motion, Relator's counsel fully acknowledged that such directive was given by the Court and that the same instruction was passed onto the Relator. (App.00009). Thus, despite full knowledge of the Court's directive, Relator chose to once again follow her own rules and not only post about the above-captioned proceeding, but post patently false, defamatory and misleading information. (App.00001–App.00007). Relator must be held accountable for her actions and not allowed to benefit from the same.

As reported to the Court, the parties entered into a Settlement Term Sheet regarding resolution of the above-captioned proceeding. (Doc. No. 257). The draft comprehensive settlement documents relating to the Settlement Term Sheet have not yet been provided by the government, and certain contingencies exist regarding the final settlement of this matter (which Relator's actions may have now made impossible). Thus, the RRSA Defendants have not admitted any liability, will not be admitting liability and have not paid any money to anyone to date. As such, in addition to directly violating this Court's directive, Relator has posted lies about the status of the case and defamed the RRSA Defendants yet again. Without significant judicial intervention, Relator will have an avenue and platform to continue her antics.

Since 2014, Relator has engaged in a campaign of lawsuits against the Defendants and other parties over the sale of RRSA (Commercial Division), LLC; Roofing & Restoration Service of America, LLC; RRSA Commercial Roofing, Inc.; Haight Construction Management Services, Inc. (collectively, the "Business Defendants") and related entities, following the death of Relator's estranged spouse, Grady Martin Haight.  (Doc. No. 116, at APP'X_0138).   Relator has demonstrated a systematic and blatant disregard for the rules of the legal process, that has been noted by other courts.  (Doc. No. 116, at APP'X_0140).  Her current actions demonstrate that she has absolutely no respect for the judicial process, or the instructions from this Court.  Relator should no longer be allowed to usurp this Court's time and resources for her own personal vendettas.  The Relator's repeated actions demonstrate the type of conduct that only the most severe sanction can remedy, and accordingly, this case should be dismissed with prejudice.

To the extent this Court deems dismissal too harsh a remedy and the settlement is able to be completed despite Relator's actions, this Court should direct that any amount to be paid to the Relator due to her role in bringing this action be returned to the RRSA Defendants.  Additionally, this Court should enjoin Relator from making any further posts, comments or messages on social media related to this case or the RRSA Defendants, or from otherwise defaming or disparaging the RRSA Defendants.  Lastly, this Court should award the RRSA Defendants their attorney fees and costs associated with the bringing of this Motion, as Relator's behavior has forced the RRSA Defendants to needlessly expend additional time and resources to defend against Relator's repeated intentional abuse of the judicial process.

## CONCLUSION

For all of the foregoing reasons, the RRSA Defendants respectfully request that the Court enter an Order granting the following relief:

6

1.       Reopening the case for further proceedings, including, but not limited to, a ruling

on the instant Motion;

2.       Imposing dismissal sanctions against Relator; or in the alternative,

3.       Ordering that Relator's share of the government's recovery, if any, be refunded to

the RRSA Defendants;

4.       Enjoining Relator from posting on any social media platform about this case or

the RRSA Defendants, or otherwise defaming or disparaging the RRSA Defendants; and

5.       Awarding the RRSA Defendants their attorneys' fees and costs for bringing this

Motion; and

6.       Awarding the RRSA Defendants such other, further and different relief that this

Court deems just and equitable.

Dated:  April 24, 2022

**DVORAK LAW GROUP, LLC**

By:  ___/s/ Gretchen L. McGill_____
        Heather S. Anson (*pro hac vice*)
        hvoegele@ddlawgroup.com
        Gretchen L. McGill (*pro hac vice*)
        gmcgill@ddlawgroup.com
        Claire E. Monroe (*pro hac vice*)
        cmonroe@ddlawgroup.com

9500 W. Dodge Rd., Ste. 100
Omaha, NE 68132
Telephone:  (402) 934-4770
Telecopier:  (402) 933-9630

and

**BELL NUNNALLY & MARTIN LLP**

Christopher B. Trowbridge
Texas State Bar No. 24008182
christophert@bellnunnally.com
Benjamin L. Riemer
Texas State Bar No. 24065976
briemer@bellnunnally.com
Troy (T.J.) Hales
Texas State Bar No. 24099011
thales@bellnunnally.com

2323 Ross Ave., Ste. 1900
Dallas, Texas  75201
Telephone:  (214) 740-1400
Telecopier:  (214) 740-1499

**ATTORNEYS FOR DEFENDANTS RRSA (COMMERCIAL DIVISION), LLC; ROOFING & RESTORATION SERVICES OF AMERICA, LLC; RRSA COMMERCIAL ROOFING, INC.; HAIGHT CONSTRUCTION MANAGEMENT SERVICES, INC.; COREY S. SANCHEZ; JON R. SEYMORE; JENNIFER N. SEYMORE AND RONALD SCOTT NICHOLS.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Plaintiff-Relator and Defendants have conferred regarding the relief requested in this Motion and counsel for Plaintiff-Relator opposes the requested relief.  On April 22, 2022, counsel for Defendants, Benjamin L. Riemer, Gretchen L. McGill, Heather S. Anson and Claire E. Monroe, conferred with counsel for Plaintiff-Relator, Darren P. Nicholson, Christopher Payne and Christina Alstrin, regarding the relief requested in this Motion.  An agreement could not be reached because counsel for Relator disagrees that the case can be reopened based on Relator's actions or that Defendants are entitled to any remedy as a result of Relator's actions.  Further counsel for Relator believes that the parties should mediate the dispute regarding Relator's actions.

*/s/ Gretchen L. McGill*
Gretchen L. McGill

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF filing system as indicated below:

Darren P. Nicholson
Bobby Hill
Burns Charest, LLP
900 Jackson Street, Suite 500
Dallas, TX  75202
dnicholson@burnscharest.com
bhill@burnscharest.com

Christopher A. Payne
Christina Alstrin
Payne Alstrin, PLLC
9330 LBJ Freeway, Suite 1165
Dallas, TX  75243
cpayne@cappc.com
Christina.Alstrin@Payne-Alstrin.com

Mitchell Madden
Melissa Johnson
Holmgren Johnson Mitchell Madden, LLP
12801 North Central Expressway, Suite 140
Dallas, TX 75243
mmadden@hjmmlegal.com
melissa@hjmmlegal.com

*/s/ Gretchen L. McGill*
Gretchen L. McGill