IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TINA HAIGHT<br><br>Plaintiff-Relator,<br><br>v.<br><br>RRSA (COMMERCIAL DIVISION), LLC, *et al.*,<br><br>Defendants. | Civil Action No. 3:16-cv-1975-S |

## MOTION FOR EXPEDITED CONSIDERATION OF DEFENDANTS' MOTION FOR SANCTIONS AGAINST PLAINTIFF-RELATOR TINA HAIGHT

Pursuant to Fed. R. Civ P. 6(c)(1)(C), Defendants RRSA (Commercial Division), LLC; Roofing & Restoration Services of America, LLC; RRSA Commercial Roofing, Inc.; Haight Construction Management Services, Inc.; Corey S. Sanchez; Jon R. Seymore; Jennifer N. Seymore; and Ronald Scott Nichols (collectively, the "RRSA Defendants") respectfully move this Court to expedite consideration and any briefing related to the RRSA Defendants' Motion for Sanctions against Plaintiff-Relator Tina Haight ("Relator") filed on April 24, 2022 ("Motion for Sanctions") (Doc. No. 259).

### BACKGROUND

On or about April 24, 2022, the RRSA Defendants were forced to file yet another Motion for Sanctions related to Relator's activities on social media. (Doc. No. 259). This filing was necessary because Relator made public Facebook posts and TikTok videos on or about April 22, 2022, as well as the week prior, propagating blatantly false and defamatory statements regarding the RRSA Defendants, this litigation and the parties' potential settlement, despite previous instruction from this Court to Relator's counsel to tell Relator to "zip it." (*See* Doc. No. 260,

1

App.00001–App.00005; 00008–App.00011). However, despite the pending Motion for Sanctions, and the Court's prior directive, Relator continues to post false statements about the RRSA Defendants and references to this case on social media.

As discussed in the Motion for Sanctions, the parties executed a Settlement Term Sheet to resolve the claims involved in the parties' dispute on or about April 7, 2022. Pursuant to the Settlement Term Sheet, the RRSA Defendants have until May 7, 2022, to perform their obligations in connection with the settlement. While Defendants have diligently been working on their part to consummate the parties' settlement, Relator, through her conduct on social media, has taken action to negatively impact (and perhaps devastate) the RRSA Defendants' ability to consummate the settlement of this matter, and additionally continues to disparage and damage the reputations of the RRSA Defendants through unsupported and factually false allegations.

Although Relator's counsel clearly advised Relator to remove the social media posts that are the subject matter of the RRSA Defendants' Motion for Sanctions (Doc. No. 259), Relator made *another* Facebook post on or about April 30, 2022, regarding the RRSA Defendants and containing additional falsities. (App.00001). As such, Relator must be immediately prevented from continuing to disrespect the Court's procedures and authority, abuse the judicial process, affect the settlement of this matter and damage the reputations of the RRSA Defendants.

## ARGUMENT

As set forth above, it is clear that even a pending Motion for Sanctions before the Court will not deter Relator's actions taken in bad faith and to the detriment of the RRSA Defendants. (*See* App.00001). Rather, only a severe and immediate sanction from the Court will stop Relator. This Court's expedited consideration of Defendants' Motion for Sanctions is required to immediately put an end to Relator's contumacious conduct, protect the judicial process from

further abuse by Relator, protect the RRSA Defendants' ability to consummate the settlement and prevent further damage to the RRSA Defendants' reputations.  Without the immediate resolution of the Motion for Sanctions, the RRSA Defendants will continue to be damaged by Relator's false accusations, and further, may be prevented from appropriately consummating the settlement of this matter within the time constraints set forth by the Settlement Term Sheet, or by May 7, 2022.

## CONCLUSION

For the foregoing reasons, the RRSA Defendants respectfully request that the Court expedite the consideration of the RRSA Defendants' Motion for Sanctions (Doc. No. 259), as well as any associated briefing.

Dated: May 2, 2022

**DVORAK LAW GROUP, LLC**

By:    */s/ Gretchen L. McGill*
     Heather S. Anson (*pro hac vice*)
     hvoegele@ddlawgroup.com
     Gretchen L. McGill (*pro hac vice*)
     gmcgill@ddlawgroup.com
     Claire E. Monroe (*pro hac vice*)
     cmonroe@ddlawgroup.com

9500 W. Dodge Rd., Ste. 100
Omaha, NE 68132
Telephone:  (402) 934-4770
Telecopier:  (402) 933-9630

and

**BELL NUNNALLY & MARTIN LLP**

     Christopher B. Trowbridge
     Texas State Bar No. 24008182
     christophert@bellnunnally.com
     Benjamin L. Riemer
     Texas State Bar No. 24065976
     briemer@bellnunnally.com

        Troy (T.J.) Hales
        Texas State Bar No. 24099011
        thales@bellnunnally.com

        2323 Ross Ave., Ste. 1900
        Dallas, Texas 75201
        Telephone: (214) 740-1400
        Telecopier: (214) 740-1499

        **ATTORNEYS FOR DEFENDANTS RRSA (COMMERCIAL DIVISION), LLC; ROOFING & RESTORATION SERVICES OF AMERICA, LLC; RRSA COMMERCIAL ROOFING, INC.; HAIGHT CONSTRUCTION MANAGEMENT SERVICES, INC.; COREY S. SANCHEZ; JON R. SEYMORE; JENNIFER N. SEYMORE AND RONALD SCOTT NICHOLS.**

## CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel for Plaintiff-Relator and Defendants have conferred regarding the relief requested in this Motion and counsel for Plaintiff-Relator opposes the requested relief. On May 2, 2022, counsel for Defendants Gretchen L. McGill and Claire E. Monroe, conferred with counsel for Plaintiff-Relator, Darren P. Nicholson and Christina Alstrin, regarding the relief requested in this Motion. An agreement could not be reached because counsel for Plaintiff-Relator does not want to shorten their time to respond to Defendants' Motion for Sanctions, and additionally, disagrees on the relevancy of the aforementioned Facebook post to this litigation.

        */s/ Gretchen L. McGill*
        Gretchen L. McGill

## CERTIFICATE OF SERVICE

      I hereby certify that on May 2, 2022, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF filing system as indicated below:

| | |
|---|---|
| Darren P. Nicholson<br>Bobby Hill<br>Burns Charest, LLP<br>900 Jackson Street, Suite 500<br>Dallas, TX 75202<br>dnicholson@burnscharest.com<br>bhill@burnscharest.com | Christopher A. Payne<br>Christina Alstrin<br>Payne Alstrin, PLLC<br>9330 LBJ Freeway, Suite 1165<br>Dallas, TX 75243<br>cpayne@cappc.com<br>Christina.Alstrin@Payne-Alstrin.com |

Mitchell Madden
Melissa Johnson
Holmgren Johnson Mitchell Madden, LLP
12801 North Central Expressway, Suite 140
Dallas, TX 75243
mmadden@hjmmlegal.com
melissa@hjmmlegal.com

                                                  */s/ Gretchen L. McGill*
                                                  Gretchen L. McGill