# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* TINA HAIGHT | § § § § | |
| v. | § § | CIVIL ACTION NO. 3:16-CV-1975-S |
| RRSA (COMMERCIAL DIVISION), LLC, *et al.* | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants RRSA (Commercial Division), LLC; Roofing & Restoration Services of America, LLC; RRSA Commercial Roofing, Inc.; Haight Construction Management Services, Inc.; Corey S. Sanchez; Jon R. Seymore; Jennifer N. Seymore and Ronald Scott Nichols' Motion to Reopen Case and Motion for Sanctions ("Motion") [ECF No. 259]. The Court, having considered the Motion and appendix thereto, and for the reasons set forth below, **DENIES** Defendants' Motion.

## I. BACKGROUND

On April 13, 2022, the parties filed a joint Notice of Settlement and Joint Motion to Stay [ECF No. 257] announcing that this case had settled and requesting that all deadlines be stayed pending final consummation of settlement. Accordingly, the next day, the Court entered an order abating and administratively closing the case without prejudice to its being reopened for entry of a final judgment or further proceedings if the settlement is not consummated. *See* ECF No. 258. Two weeks after announcing settlement, however, Defendants filed the instant Motion requesting dismissal as a sanction against Plaintiff-Relator Tina Haight or, alternatively, "other appropriate sanctions," based on Relator's alleged "defamatory and false statements" on social media regarding Defendants, the litigation, and the parties' recent settlement. Mot. 2. Defendants assert

that Relator "continues to disparage and damage the reputations of the RRSA Defendants through unsupported and factually false allegations," and that this conduct has negatively impacted settlement negotiations and "cannot be stopped without judicial intervention." *Id.* 2-3. Defendants further request an order enjoining "Relator from making any further posts, comments or messages on social media related to this case or the RRSA Defendants, or from otherwise defaming or disparaging the RRSA Defendants." *Id.* at 6.

## II. DISCUSSION

A district court has the inherent power to impose sanctions "in order to control *the litigation before it.*" *Portillo v. Cunningham*, 872 F.3d 728, 740 n.29 (5th Cir. 2017) (emphasis in original) (quoting *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010)). Courts may use that power to sanction conduct "where it is in direct defiance of the sanctioning court or constitutes disobedience to the court's orders." *Jones v. Swift Transp. Co. Inc.*, 464 F. App'x 252, 253 (5th Cir. 2012) (citing *Positive*, 619 F.3d at 460).

The Court finds that the conduct alleged in Defendants' Motion is not a proper basis for sanctions. First, the Court notes that Defendants' Motion does not claim that Relator's conduct violates any term of the parties' settlement agreement, such as a confidentiality provision or non-disparagement clause. But in any event, such a garden-variety breach of contract claim is an independent cause of action not before the Court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 74, (1991) (Kennedy, J., dissenting) ("A court's inherent authority extends only to remedy abuses of the judicial process. By contrast, awarding damages for a violation of a legal norm, here the binding obligation of a legal contract, is a matter of substantive law . . . .") (citing *Marek v. Chesny*, 473 U.S. 1, 35 (1985)). Similarly, Relator's alleged defamatory statements are not inherently abusive of the judicial process as required to warrant the Court's exercise of its limited

2

discretionary power. *See Chambers*, 501 U.S. at 43, 44–45 (observing that district court's inherent powers "ought to be exercised with great caution" and are reserved for "conduct which abuses the judicial process"). Nor is the Court convinced that the requested injunctive relief is within the scope of its inherent authority to sanction—even ignoring the potential First Amendment ramifications of enjoining a private litigant's out-of-court statements as a sanction for other out-of-court statements. Defendants' allegations of disparagement and reputational harm are actionable, if at all, in a suit for defamation. *See Warren v. Fed. Nat'l Mortgage Ass'n*, 932 F.3d 378, 383 (5th Cir. 2019) (discussing tort of defamation recognized under Texas law).

Finally, Defendants' Motion references the Court's statement at the December 9, 2021, hearing in an attempt to establish violation of a court order. However, the Court's off-the-record suggestion to Relator's counsel that their client "zip it" on social media was informal advice to facilitate settlement, not a court order for sanctions purposes. Accordingly, because Relator's statements are "neither before the district court nor in direct defiance of its orders, the conduct is beyond the reach of the court's inherent authority to sanction." *Positive*, 619 F.3d at 461.

### III. CONCLUSION

For the reasons set forth above, Defendants' Motion is **DENIED**, and Defendants' Motion for Expedited Consideration of Defendants' Motion for Sanctions Against Plaintiff-Relator Tina Haight [ECF No. 264] is **TERMINATED AS MOOT**. All relief not expressly granted is **DENIED**.

**SO ORDERED.**

SIGNED May 4, 2022.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**