IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* TINA HAIGHT<br><br>*Plaintiff-Relator*,<br><br>v.<br><br>RRSA (COMMERCIAL DIVISION), LLC, *et al.*,<br><br>*Defendants*. | Civil Action No. 3:16-cv-1975-S<br><br>JURY TRIAL DEMANDED |

### RELATOR'S REPLY IN SUPPORT OF MOTION TO ENJOIN

This case should be over. And it would be over had Defendant Sanchez not breached the Settlement Agreement and procured an improper Deposit Order by making misrepresentations and material omissions to the State Court, as fully set forth in Relator's Motion to Enjoin, Vacate, and/or Stay Certain State Court Orders, for Attorneys' Fees, and for Expedited Consideration (the "Motion"). [Dkt. 334] As with past filings where counsel was tasked with explaining utterly indefensible conduct [*See, e.g.,* Dkt. 306, 311] Defendant's Response to the Motion resorts to *ad hominem* attacks against Relator to "explain" other possible, unstated, and unreasonable justifications for the Deposit Order. [Dkt. 341 at 4-5] While Relator vehemently disputes these accusations, they are irrelevant to any issue before the Court.[1] As this Court well knows, the sad truth is that the Deposit Order only issued because the State Court was misled.

This Court has rightly deferred ruling on the pending motions [Dkt. 317, 334] until the State Court's hearing on the pending motion to reconsider the Deposit Order set for March 20, 2023. Relator's Counsel hopes the State Court will be <u>fully</u> apprised of the true facts at the hearing and, with

---

[1] To the extent the Court gives any credence whatsoever to Defendant's smears, Relator would respectfully request the opportunity to respond.

**REPLY IN SUPPORT OF MOTION TO ENJOIN [DKT 334]**                                                                                            **PAGE 1**

those facts in hand, correctly retract the Deposit Order because there can be no attachment of these funds under the CPRC or under the cited "inherent authority" given the admissions of Sanchez's counsel to this Court. In the absence of a retraction of the Deposit Order, however, the Motion to Enjoin must be granted because the fundamental facts raised by the Motion are not contested.

**First, this Court stayed all deadlines under the Settlement Agreement [Dkt. 343] precisely because the Deposit Order interferes with it.** Because the Deposit Order is facially improper and cannot be defended, Defendant Sanchez first proposed the parties stipulate around it [Dkt 339], then argued at the status conference that it does not mean what it says, and now argues in its Response that he "never sought to withhold funds from Relator," but only to force Relator to deposit them after she received them. [Dkt. 341] Defendant Sanchez took these positions and raised no objection to this Court's order staying all deadlines because there is no defense to the Deposit Order, which indisputably inteferes with the Settlement Agreement, the distribution of funds under the Settlement Agreement, and this Court's exclusive jurisdiction over the same. Absent a retraction, it must be enjoined.

**Second, the Deposit Order was procured through misconduct.** The pertinent facts are not contested. Sanchez filed the "emergency" Sanchez Motion at the eleventh hour because he wanted a deposit order before the Settlement Agreement funded. Sanchez told the State Court the ownership of the settlement funds were "in dispute," but therafter admitted to this Court at the January 19, 2023, hearing that, in fact, Relator's ownership of her share of the settlement funds was "not in dispute." [Dkt. 330 at App.045:4-19]. This Court admonished Sanchez's counsel for the Sanchez Motion, noted the filing likely did not comport with Texas Rule of Civil Procedure 13 and retracted the Show Cause Order the motion relied upon. [*Id.* at App. 044:10-17; 047-048] Yet, despite an unquestionable duty to inform the State Court of their admission and this Court's retraction of the Show Cause Order – the pillars of the Sanchez Motion predicated on "inherent authority" – Sanchez did nothing. With no

order from the State Court by the funding deadline of January 17th, Defendants proceeded to default, blamed Ron Nichols, and then requested a payout of eighteen-months or longer to fully and finally fund. But once the Deposit Order issued on February 21st, the "funding issues" immediately and inexeplicbily resolved, the default was cured, and Sanchez demanded dismissal. [Dkt. 339] It was only then – 36 days after the hearing, 13 days after the Deposit Order, and 2 hours before Monday's status conference – that Sanchez advised the State Court that this Court's Show Cause Order had been retracted in January. (Sanchez has still not advised the State Court that he concedes Relator's ownership of her portion of the settlement funds are "<u>not</u> in dispute.")

**Third, this Court's determination of the scope of the release in the Settlement Agreement is dispositive.** As argued in the pending motions, the heart of the issue is that Defendant Sanchez expressly released his attorney's fees claims in Cause No. 94402 (and five other specifically identified cases) under Paragraph 16 of the Settlement Agreement. Sanchez does not contest that he sought those fees in this case through a written demand, that they were claims he "could have asserted" in this case considering his demand, or that he put the Settlement and Mutual Release Agreement [Dkt. 114-1] that gives rise to the claim of attorney's fees in Cause No. 94402 squarely at issue with his Motion to Dismiss [Dkt. 115]. In his Response, Sanchez now argues that because Paragraph 16 does not say "judgment" it could not have released his "State Court Judgment" in Cause No. 94402. [Dkt. 341 at 5-7] This argument is frivolous. The Trial Order has set the issue of Sanchez's attorney's fees for trial this July. [Dkt. 335, Appx.002-006] There is no, and there has never been, a final judgment awarding Sanchez attorney's fees against Ms. Haight.

**Fourth, injunctive relief necessarily flows from a ruling in Relator's favor on the scope of the Release.** While Defendant's Response concedes this Court has authority to enjoin Sanchez under Fed. R. Civ. P. 65, it argues that no injunction can issue because Relator's interpretation of the Settlement Agreement is wrong and there is no breach. [Dkt. 341 at 11-12]. By the same token,

however, Defendant's Response does not contest that an injunction would be warranted under Rule 65 if Relator's interpretation of the Agreement is correct (and it is).

Relator has already briefed and will not repeat the authorities that show that this Court also has the power to enjoin under the All Writs Act in aid of this Court's jurisdiction. [Dkt. 317, 334]. While the Response attempts to distinguish three of the additional cases cited in Relator's Motion to Enjoin [Dkt. 334], the "differences" are irrelevant, and Defendant's conclusions are wrong. Each case involved acts that (1) interfered with a settlement agreement over which the federal court had exclusive jurisdiction and (2) constituted breaches of the settlement agreement through actions taken in another court. Under those circumstances, courts routinely enter injunctions under the All-Writs Act.

A review of the cases cited boils down to this general rule: regardless of whether this Court's jurisdiction is *in rem* or *in personam*,[2] if a party's conduct in state court (or the actions of the state court itself) interfere with a completed settlement agreement over which a federal court has exclusive jurisdiction, the federal court has authority under the All-Writs Act to enjoin that conduct. Here, as previously briefed and for the reasons previously discussed, there is no doubt that the Sanchez Motion and the Deposit Order interfere with the completed Settlement Agreement.[3] Because they do, this Court has authority under the All Writs Act to protect its jurisdiction by enjoining both Defendant Sanchez and the State Court.

Both the Motion to Enfoce and the Motion to Enjoin should be granted.

---

[2] Relator has argued both [Dkt. 317].

[3] While Sanchez and the other Defendants would like this Court to believe that their only obligation under the Settlement Agreement was to fund, it was not. The other obligations which the Sanchez Motion breached, and which the Deposit Order interfere with, including the release of indemnity in the Settlement Agreement, are discussed at length in Relator's pending motions. [Dkt. 317, 334].

Dated: March 9, 2023          Respectfully Submitted,

    */s/ Darren P. Nicholson*
Darren P. Nicholson
State Bar No. 24032789
dnicholson@burnscharest.com
Robert M. Hill
State Bar No. 24125624
bhill@burnscharest.com
BURNS CHAREST, LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 458-9890
Facsimile: (469) 444-5002

Christopher A. Payne
State Bar No. 15651500
Chris.Payne@Payne-Asltrin.com
Christina Alstrin
State Bar No. 24068019
Christina.Alstrin@Payne-Alstrin.com
PAYNE ALSTRIN, PLLC
9330 LBJ Freeway, Suite 1165
Dallas, Texas 75243
Telephone: (214) 945-1022
Facsimile: (214) 945-1023

Mitchell Madden
State Bar No. 12789350
mmadden@hjmmlegal.com
Melissa Johnson
State Bar No. 19142900
melissa@hjmmlegal.com
HOLMGREN JOHNSON: MITCHELL MADDEN, LLP
12801 North Central Expressway, Suite 140
Dallas, Texas 75243

**Counsel for Plaintiff-Relator Tina Haight**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served on this day of March 9, via ECF to all counsel of record.

*/s/ Darren P. Nicholson*
Darren P. Nicholson